UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCOS ELIAS GUEVARA-RODRIGUEZ § BOP No. 30293-280, § | § § | |
| Movant, § | § | |
| v. § | § | CAUSE NO. SA-16-CA-414-XR |
| § | § | [SA-09-CR-266(2)-XR] |
| UNITED STATES OF AMERICA, § | § | |
| Respondent. § | § | |

ORDER OF DISMISSAL

The matter before the Court is Movant Marcos Elias Guevara-Rodriguez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filed May 2, 2016. For the reasons set forth below, Movant is not entitled any relief from his sentence under § 2255 and is not entitled to a Certificate of Appealability from this Court.

Background

On October 29, 2009, a federal grand jury indicted Movant on one count of conspiracy to transport aliens for profit resulting in the deaths of persons and two counts of aiding and abetting the actual transporting of aliens resulting in the deaths of persons (ECF no. 48). On October 28, 2010, Movant pled guilty to all three counts against him pursuant to a plea agreement which limited the possible range of Movant's sentence to fifteen years (180 months) (ECF nos. 116 & 114 at pp. 1-2 ¶ 2).[1] On February 2, 2011, this Court sentenced Movant to serve three concurrent 180-month terms of imprisonment, to be followed by three concurrent five-year terms of

---

[1] Movant's plea agreement appears at ECF no. 114.

supervised release (ECF no. 130). Consistent with the waivers contained in his plea agreement, Movant did not appeal his conviction or sentence.

Motion to Vacate

On May 2, 2016, Movant filed a motion pursuant to 28 U.S.C. § 2255 premised upon the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), made retroactive by the Supreme Court's holding in *Welch v. United States*, 136 S. Ct. 1257 (2016), seeking a reduction in his sentence to time served and his immediate release from custody.

Standard of Review

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States district Courts provides as follows: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Section 2255 provides relief for a convicted federal criminal defendant who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir.), *cert. denied*, 133 S. Ct. 1282 (2013); *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994); 28 U.S.C. § 2255(a).

Not all complaints about a sentence may be brought initially through a Section 2255 motion. Section 2255 relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a

complete miscarriage of justice.  *United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).  Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by a direct appeal.  *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Payne*, 99 F.3d at 1281; *United States v. Seyfert*, 67 F.3d at 546.  "Nonconstitutional claims that could have been raised in a direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Payne*, 99 F.3d at 1281.

A defendant may not raise an issue, regardless of whether constitutional or jurisdictional in nature, for the first time on collateral review without showing both "cause" and "actual prejudice" resulting from the error.  *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Cervantes*, 132 F.3d at 1109; *United States v. Gaudet*, 81 F.3d at 589.

Analysis

Movant's motion to vacate, set aside, or correct sentence is legally frivolous.  Movant's motion argues the Supreme Court's recent opinion in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), renders his sentencing as a career offender unconstitutional.  There are several problems with Movant's argument.  The first of which is the fact Movant was not sentenced as a career offender.  Movant's Pre-Sentence Investigation Report did not include any enhancement or increase in Movant's sentencing range pursuant to Chapter Four of the federal Sentencing Guidelines.  (ECF no. 128, at p. 16 ¶ 57).  Furthermore, Movant misperceives the nature and scope of the Supreme Court's holding in *Johnson*, which held unconstitutionally vague only the residual clause of the Armed Career Criminal Act ("ACCA"), i.e., 18 U.S.C. § 924(e)(2)(B).  The residual clause of the ACCA defined as a "violent felony," for which an

enhanced sentence was authorized, crimes which (1) had as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) included burglary, arson, and extortion, involved the use of explosives, *or otherwise involved conduct that presented a serious potential risk of physical injury to another.*  The Supreme Court held the highlighted portion of the definition of "violent felony" set forth above was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. at 2557-59.  Nothing in the Supreme Court's reasoning in *Johnson*, however, casts any doubt on the constitutionality of the remaining portion of the ACCA's definition of "violent felony."

In contrast, movant was not charged or sentenced pursuant to the ACCA's residual clause.  In fact, movant's suggested sentencing range was not impacted in any manner by Section 4B1.1 of the federal Sentencing Guidelines, which, at the time of movant's sentencing, provided in pertinent part as follows: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." (USSG § 4B1.1(a) (November 1, 2010)). Because his Guidelines range was not enhanced based upon a finding that Movant was a career offender, Movant's reliance upon *Johnson* lacks merit.  Movant's references in his motion to the Supreme Court's holdings in *Johnson* and *Welch* have no application to Movant's sentence. They do not warrant any relief under § 2255.

Certificate of Appealability

Before a movant may appeal the denial of a motion to vacate sentence filed under Section 2255, the movant must obtain a Certificate of Appealability ("CoA"). *Hohn v. United States*, 524

4

U.S. 236, 239-40 (1998); 28 U.S.C. §2253(c)(1)(B). Appellate review is limited to the issues on which a CoA is granted. *See Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues), *cert. denied*, 543 U.S. 893 (2004). This Court is authorized to address the propriety of granting a CoA *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A CoA will not be granted unless the movant makes a substantial showing of the denial of a constitutional right. *Hohn v. United States*, 524 U.S. at 240. To make such a showing, the movant need *not* show that he will prevail on the merits but, rather, must demonstrate reasonable jurists could debate whether (or, for that matter, agree) the motion should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1985). "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In a case in which the movant wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default or limitations, the movant must show jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.

Viewed in proper context, there is no basis for disagreement among jurists of reason with regard to this Court's summary denial of Movant's Section 2255 motion. Movant was not sentenced as a career offender. His sentence was not impacted by the residual clause of the

ACCA struck down by the Supreme Court in *Johnson.* Movant is not entitled to a CoA in this case.

 Accordingly, it is hereby **ORDERED** that:

 1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

 2. Movant's Section 2255 motion, filed May 2, 2016, is **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

 3. Movant is **DENIED** a Certificate of Appealability**.**

 4. Motions pending, if any, are also **DISMISSED**, and this case is CLOSED.

 **IT is so ORDERED.**

 SIGNED this 2nd day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE